UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT E. WARE,

Plaintiff,

-vs- 13-CV-871-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

---

APPEARANCES: CLARK JORDAN PEZZINO (AMANDA R. JORDAN, ESQ., of Counsel), Buffalo, New York, for Plaintiff.

WILLIAM J. HOCHUL, JR., United States Attorney (TOMASINA DiGRIGOLI, Special Assistant United States Attorney, of Counsel), Buffalo, New York, for Defendant.

This matter has been transferred to the undersigned for all further proceedings, by order of Chief United States District Judge William M. Skretny dated April 16, 2014 (Item 8).

Plaintiff Robert Ware initiated this action on August 29, 2013, pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (*see* Items 7, 11). For the following reasons, the Commissioner's motion is granted, and plaintiff's motion is denied.

**BACKGROUND**

Plaintiff was born on December 7, 1953 (Tr. 44).[1] He filed an application for DIB on February 24, 2010, alleging disability due to Achilles tendon, knee, shoulder, and prostrate problems, and hypertension, with an onset date of June 4, 2004 (Tr. 111-12; *see also* Tr. 11, 27).[2] The application was denied administratively (Tr. 45-48), and plaintiff requested a hearing which was held before Administrative Law Judge ("ALJ") Timothy M. McGuan on September 13, 2011 (Tr. 23-43). Plaintiff testified at the hearing, and was represented by counsel. Vocational Expert ("VE") Jay Steinbrenner also testified.

In a decision issued on December 19, 2011, ALJ McGuan found that plaintiff was not disabled under the Act (Tr. 11-17). Following the sequential evaluation process outlined in the Social Security Administration Regulations (*see* 20 C.F.R. § 416.920), the ALJ reviewed the medical evidence in the record and determined that although plaintiff's Achilles tendon deformity constituted a "severe" impairment, it did not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings") (Tr. 13-14). Additionally, the ALJ determined that plaintiff's other impairments were either not severe or occurred after the date plaintiff was last insured for Social Security purposes (Tr. 13-14). The ALJ discussed the testimony and documentary evidence regarding plaintiff's complaints of pain and other symptoms, including treatment

---

[1] Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner as part of the answer in this action (Item 6).

[2] Plaintiff's application lists June 4, 2004 as the onset date, although the ALJ refers to May 20, 2004 as the onset date

notes from plaintiff's orthopedic surgeon and other treating physicians, and determined that plaintiff is capable of performing past relevant work as a mail handler and teacher's aide, and had the residual functional capacity ("RFC") for the full range of medium work, as defined in the Regulations (Tr. 14-16).[3] Additionally, the ALJ relied on the VE's testimony indicating that an individual of plaintiff's age, education, work experience, and RFC would be able to perform the requirements of a significant number of jobs existing in the national and local economies (Tr. 16). In reliance on Rules 203.22 and 203.15 of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids"), the ALJ determined that plaintiff has not been disabled within the meaning of the Act at any time from May 20, 2004 through December 31, 2009, the date last insured (Tr. 17).

The ALJ's decision became the final decision of the Commissioner on April 23, 2013, when the Appeals Council denied plaintiff's request for review (Tr. 1-4), and this action followed.

In his motion for judgment on the pleadings, plaintiff contends that the Commissioner's determination should be reversed because the ALJ (1) failed to properly assess plaintiff's credibility with regard to his complaints of pain; and (2) substituted his own opinion for medical expert opinion. *See* Item 7. The government contends that the Commissioner's determination should be affirmed because the ALJ's decision is based on substantial evidence. *See* Item 11-1.

---

[3] "Medium work" is defined in the Regulations as follows:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c).

## DISCUSSION

### I. Scope of Judicial Review

The Social Security Act provides that, upon district court review of the Commissioner‘s decision, “[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . .” 42 U.S.C. § 405(g). Substantial evidence is defined as evidence which “a reasonable mind might accept as adequate to support a conclusion.” *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999). The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts. *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

Under these standards, the scope of judicial review of the Commissioner’s decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of Soc. Servs.*, 692 F.3d 118, 122 (2d Cir. 2012). The court’s inquiry is “whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached” by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Hart v. Colvin*, 2014 WL 916747, at *2 (W.D.N.Y. Mar. 10, 2014).

However, “[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the light of correct legal standards.” *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis.

1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. March 20, 2000); *Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*, 167 F.3d at 773). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted). Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the Regulations, that disregards highly probative evidence. *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied ... the court shall review only the question of conformity with [the] regulations…."); *see also Kohler*, 546 F.3d at 265. "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it. *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision

where there was substantial evidence for both sides)).

In addition, it is the function of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including claimant." *Carroll v. Sec'y of Health and Human Services*, 705 F.2d 638, 642 (2d Cir. 1983); *cf. Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. Sept. 5, 2013). "Genuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino*, 312 F.3d at 588, and the court "must show special deference" to credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor" while testifying. *Yellow Freight Sys. Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).

## II.     Standards for Determining Eligibility for Supplemental Security Income Benefits

To be eligible for SSI benefits under the Social Security Act, plaintiff must show that he or she suffers from a medically determinable physical or mental impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months …," 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), and is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy …." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Regulations set forth a five-step process to be followed when a disability claim comes before an ALJ for evaluation of the claimant's eligibility for benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is presently engaged in substantial gainful activity. If the claimant is not, the ALJ

must decide if the claimant has a “severe” impairment, which is an impairment or combination of impairments that “significantly limits [the claimant’s] physical or mental ability to do basic work activities ….” 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant’s impairment is severe, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings. If the impairment meets or equals a listed impairment, the claimant will be found to be disabled. If the claimant does not have a listed impairment, the fourth step requires the ALJ to determine if, notwithstanding the impairment, the claimant is capable of performing his or her past relevant work. Finally, if the claimant is not capable of performing his or her past relevant work, the fifth step requires the ALJ to determine whether the claimant is capable of performing other work which exists in the national economy, considering the claimant’s age, education, past work experience, and residual functional capacity. *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Reyes v. Massanari*, 2002 WL 856459, at *3 (S.D.N.Y. April 2, 2002); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The claimant bears the burden of proof with respect to the first four steps of the analysis. If the claimant demonstrates an inability to perform past work, the burden shifts to the Commissioner to show that there exists other work that the claimant can perform. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). The Commissioner ordinarily meets her burden at the fifth step by resorting to the Grids.[4] However, where the Grids fail to describe the full extent of a claimant’s physical limitations, the ALJ must “introduce the

---

[4]The Grids were designed to codify guidelines for considering residual functional capacity in conjunction with age, education, and work experience in determining whether the claimant can engage in substantial gainful work existing in the national economy. *See Rosa*, 168 F.3d at 78; *see also Zorilla v. Chater*, 915 F. Supp. 662, 667 (S.D.N.Y. 1996).

testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986).

## III. The ALJ's Determination

In this case, ALJ McGuan determined at step one of the sequential evaluation that plaintiff had not engaged in substantial gainful activity since May 20, 2004, the alleged onset date (Tr. 13). As indicated above, at steps two and three the ALJ found that only plaintiff's Achilles tendon deformity was a severe impairment, and that it did not meet or equal the severity of any of the impairments in the Listings (Tr. 14).

At step four, the ALJ found that plaintiff was able to perform his past relevant work as a mail handler and teacher's aide and had the RFC to perform the full range of medium work (Tr. 16). Alternatively, at the final step, the ALJ determined that there are jobs existing in significant numbers in the national economy that plaintiff could perform, considering his age, education, work experience, and RFC (Tr. 16). Applying Rules 203.22 and 203.15 of the Grids, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act at any time from May 20, 2004 (the alleged onset date) through December 31, 2009, the date last insured (Tr. 17).

## IV. Plaintiff's Motion

### A. Credibility

Plaintiff contends that the ALJ failed to properly assess the plaintiff's credibility regarding his complaints of disabling pain, particularly in light of plaintiff's excellent work

history.  The general rule in this regard is that the ALJ is required to evaluate the credibility of testimony or statements about the claimant's impairments when there is conflicting evidence about the extent of pain, limitations of function, or other symptoms alleged.  *See Paries v. Colvin*, 2013 WL 4678352, at *9 (N.D.N.Y. Aug. 30, 2013) (citing *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999) ("Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings.")).  The Commissioner has established a two-step process to evaluate a claimant's testimony regarding his or her symptoms:

> First, the ALJ must consider whether the claimant has a medically determinable impairment which could reasonably be expected to produce the pain or symptoms alleged by the claimant.  Second, if the ALJ determines that the claimant is impaired, he then must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms.  If the claimant's statements about his symptoms are not substantiated by objective medical evidence, the ALJ must make a finding as to the claimant's credibility.

*Matejka v. Barnhart*, 386 F. Supp. 2d 198, 205 (W.D.N.Y. 2005), *quoted in Hogan v. Astrue*, 491 F. Supp. 2d 347, 352 (W.D.N.Y. 2007); *see* 20 C.F.R. § 416.929.

The Regulations outline the following factors to be considered by the ALJ in conducting the credibility inquiry: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain.  20 C.F.R. § 416.929(c)(3)(i)–(vii); *see also Meadors v. Astrue*, 370 F. App'x 179, 184 n.1 (2d Cir. 2010).  The Commissioner's policy interpretation ruling on this process provides further guidance:

> The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *4 (S.S.A. Jul. 2, 1996).

In this case, the ALJ found that plaintiff's allegations of disabling pain were not medically established prior to the date last insured of December 2009. Plaintiff was seen by orthopedic specialists for both Achilles tendon and knee pain. In February 2004, he was seen by Dr. Sunita Rajput, who noted that plaintiff was doing "great," his knee and ankle were "much better," he had been wearing his brace, and had no new complaints (Tr. 282). In December 2005, Dr. David Pochatko of Northtowns Orthopedics noted that plaintiff was "doing much better," and had "greatly improved with conservative care," including splints, stretching, and lifts (Tr. 277). In November 2006, plaintiff was seen by Dr. David Miller of Northtowns Orthopedics for knee pain. Dr. Miller noted plaintiff's history of Achilles tendon repair and observed that plaintiff had "done very well with that." (Tr. 274) In January 2007, plaintiff was seen for follow-up regarding pain in both knees. He had been given injections and had responded well (Tr. 272). Dr. Miller opined that arthritis in the knee contributed to plaintiff's symptoms, but could not rule out a meniscus tear. At that time, plaintiff did "not feel that his symptoms [were] severe enough to warrant any intervention such as an arthroscopy." *Id.* In 2009, plaintiff completed a questionnaire regarding his physical

concerns and reported no musculoskeletal problems (Tr. 346). Plaintiff complained of leg pain to his primary care physician in September 2010, stating that the pain began about eight months earlier, after the date last insured (Tr. 456). At the hearing, plaintiff testified that he spent much of his day lying down and elevating his leg, but this testimony reflected activities of daily living at the time of the hearing, well past the date last insured (Tr. 14).

Upon review of the record as a whole, the court finds that the ALJ's credibility assessment in this case was performed in accordance with the requirements of the Social Security Act, its implementing Regulations, and the weight of controlling authority. The ALJ properly noted that plaintiff's testimony was inconsistent with a previous statement of his activities of daily living in which he stated that he drove, went to church, cooked, and shopped (Tr. 171-79). Medical records prior to December 2009 indicated that plaintiff's Achilles tendon and knee pain improved with conservative care. The ALJ adequately explained his determination that plaintiff's allegations of disabling pain were not consistent with the medical records during the relevant time period. This assessment is sufficiently specific to make clear to a reviewing court, and to plaintiff, the reasons for the weight given to plaintiff's subjective complaints of pain. Despite plaintiff's "excellent work history," his complaints of disabling pain are not substantiated by the medical records prior to the date last insured. Accordingly, plaintiff is not entitled to reversal or remand on the ground that the ALJ failed to properly assess plaintiff's credibility.

**B. ALJ's Improper Substitution of His Own Opinion**

Plaintiff also contends that the ALJ erred in that he substituted his lay opinion for

that of a qualified medical professional. In the absence of a medical opinion that plaintiff was disabled, plaintiff argues that the ALJ should have obtained an expert medical opinion or contacted plaintiff's treating physician for a medical opinion. In this regard, the Second Circuit has long recognized the proposition that, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel …." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal quotation marks omitted). This duty "includes assembling the claimant's complete medical history and recontacting the claimant's treating physician if the information received from the treating physician or other medical source is inadequate to determine whether the claimant is disabled …," as well as "advising the plaintiff of the importance of such evidence." *Batista v. Barnhart*, 326 F. Supp. 2d 345, 353 (E.D.N.Y. 2004). Conversely, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Petrie v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011) (internal quotation marks omitted). The Second Circuit also recently clarified that the ALJ's failure to request treating source opinions does not require remand "where, as here, the record contains sufficient evidence from which an ALJ can assess the [claimant]'s residual functional capacity." *Tankisi v. Comm'r of Social Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (citing *Moser v. Barnhart*, 89 F. App'x 347, 348 (3d Cir. 2004); *Scherschel v. Barnhart*, 72 F. App'x 628, 630 (9th Cir. 2003); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)).

In this case, the record before the ALJ contained plaintiff's medical records which,

as discussed above, indicate presentment and diagnoses of plaintiff's Achilles tendon repair and knee pain, but no indication that plaintiff suffered disabling pain during the relevant time period. The determination that plaintiff was capable of the full range of medium work was supported by the medical records and clinical findings of all of plaintiff's orthopedic specialists who noted that plaintiff responded favorably to treatment, which included knee braces, exercises, and injections. In January 2007, plaintiff felt that his knee pain was "tolerable and acceptable" and did not warrant further intervention (Tr. 272). The ALJ "did not substitute [his] medical judgment for any physician's evaluation, but ... relied upon the substantial medical records and the testimony to reach a reasoned determination of the plaintiff's work capacity." *Rodriguez v. Apfel*, 1998 WL 150981, at *11 n. 13 (S.D.N.Y. Mar. 31, 1998); *see also Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (The ALJ "was entitled to weigh all of the evidence available to make [a] finding that was consistent with the record as a whole.").

Under these circumstances, the court finds that plaintiff is not entitled to reversal or remand on the grounds that the ALJ substituted his own judgment for competent medical opinion or failed to discharge his affirmative duty to develop the record by obtaining a treating source statement containing a medical opinion regarding plaintiff's RFC.

## CONCLUSION

For the foregoing reasons, the court finds that the ALJ's decision is based on correct legal standards and supported by substantial evidence, and the Commissioner's determination must therefore be upheld. Accordingly, plaintiff's motion for judgment on the pleadings (Item 7) is denied, the Commissioner's motion for judgment on the pleadings

(Item 11) is granted, and the case is dismissed.

The Clerk of the Court is directed to enter judgment in favor of the Commissioner, and to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   September 17, 2014